UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

PNC BANK, NATIONAL ASSOCIATION,

                              Plaintiff,

                 -against-                              22-CV-07011 (VF)

OPTIMITY ADVISORS, LLC, LRM                        **OPINION & ORDER**
PROPERTIES, LLC, RICK D. MCNABB, and LYNN
A. MCNABB,

                              Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

On October 25, 2024, Plaintiff PNC Bank, National Association ("Plaintiff") filed the instant motion, seeking to enforce a settlement agreement, dated August 20, 2024, with Defendants Optimity Advisors, LLC, LRM Properties, LLC, and Rick D. McNabb (collectively, "Defendants"). See ECF Nos. 74-76. The settlement agreement between Plaintiff and Defendants established a payment plan pursuant to which Defendants would pay the remaining amounts owed on certain defaulted loans. See ECF No. 75-1 at ¶ 1; see also ECF No. 75 at ¶¶ 5-8. The total amount owed by Defendants was $3,720,089.79. ECF No. 75-1 at 5 (noting "March 2025 Residual Amount" owed absent further payment from Defendants).

Under the settlement agreement, Defendants were required to make a $10,000 payment on August 30, 2024, a $20,000 payment on September 30, 2024, and a $10,000 payment on the last business day of each month between October 31, 2024, and February 28, 2025. ECF No. 75-1 at ¶ 1(a).[1] On March 31, 2025, Defendants were then required to make the final settlement

---

[1] The settlement agreement includes a schedule of the monthly payment dates, but incorrectly lists "January 31, *2024*" and "February 28, *2024*" as due dates. ECF No. 75-1 at

payment in the amount of $3,640,089.79. Id. at ¶ 1(b). Defendants made the required August 31, 2024 payment of $10,000. ECF No. 75 at ¶¶ 8-10. But Defendants did not make the subsequent $20,000 payment on September 30, 2024. ECF No. 75 at ¶ 11. Plaintiff sent a default notice letter to Defendants on October 7, 2024. ECF No. 75 at ¶ 12; ECF No. 75-3. Defendants failed to cure the default and, to date, have not made any additional payments to Plaintiff under the settlement agreement. ECF No. 75 at ¶ 13; ECF No. 78. Under the terms of the settlement agreement, Plaintiff was required to seek dismissal of the underlying suit once Defendants made their first payment under the payment plan. ECF No. 75-1 at ¶ 3. Plaintiff performed this obligation. See ECF No. 72.

Defendants agreed to execute a consent judgment in favor of Plaintiff, if Defendants failed to make the payments under the settlement agreement. ECF No. 75-1 at ¶¶ 4-5. The parties agreed that the Court would retain jurisdiction to enforce the terms of the settlement agreement. ECF No. 75-1 at ¶¶ 9-10. In the order of dismissal, the Court agreed to retain jurisdiction to resolve disputes arising under the settlement agreement. ECF No. 73 at ¶ 1.

On October 25, 2024, Plaintiff filed the instant motion, seeking entry of the consent judgment against Defendants in the amount of $3,720,089.79. ECF No. 74. In response, Defendants submitted a letter, stating that the amount of the judgment should be reduced by the $10,000 payment made by Defendants on August 31, 2024, under the terms of the settlement agreement. ECF No. 78. In their letter, Defendants do not deny that they failed to make the additional required payments under the settlement agreement. Id.

---

¶ 1(a). The settlement agreement was executed in August 2024, and therefore the payment deadlines should be after the agreement's execution date, which would be "January 31, 2025," and February 28, 2025."

"Settlement agreements are contracts and must therefore be construed according to general principles of contract law." Torres v. Walker, 356 F.3d 238, 245 (2d Cir. 2004) (internal quotation marks and citations omitted). Under New York law, which applies here (see ECF No. 75-1 at ¶ 20), "when parties set down their agreement in a clear, complete document, their writing should . . . be enforced according to its terms." S. Rd. Assocs., LLC v. Int'l Bus. Machs. Corp., 4 N.Y.3d 272, 277 (2005) (internal quotation marks and citations omitted). Additionally, a federal court may retain jurisdiction to enforce a settlement agreement where, as here, "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal." Chigirinskiy v. Panchenkova, 319 F. Supp. 3d 718, 728 (S.D.N.Y. 2018) (internal quotation marks and citations omitted).

Here, the terms of the settlement agreement are unambiguous and required Defendants to make certain payments to Plaintiff on a specified schedule. After the August 2024 payment, Defendants failed to make any of the other payments required under the agreement. Defendants do not dispute this. And the settlement agreement plainly provides for the entry of a consent judgment upon Defendants' default of their payment obligation, as has occurred here. See ECF No. 75-1 at ¶ 12. Accordingly, Plaintiff's motion to enforce the settlement agreement and enter the consent judgment is granted. However, the amount of the consent judgment is reduced by $10,000 to $3,710,089.79, to reflect the payment made by Defendants to Plaintiff in August 2024.

**<u>CONCLUSION</u>**

For the reasons stated herein, Plaintiff's motion to enforce the settlement agreement dated August 20, 2024 is **GRANTED**. The Clerk of Court is directed to terminate the motion at ECF No. 74.

DATED:   New York, New York
         April 23, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge